# Commonwealth ex rel., Appellant, *v.* Reading Traction Company.

*Equity—Laches—Corporation—Fictitious increase of stock—Street railways.*

A bill in equity against a street railway company to declare void an issue of capital stock of the company not made for money or property actually received, but practically without consideration and fictitious, will be dismissed where the court finds as a fact that the bankers had sold the stock to third persons before the bill was filed, that the complainants permitted three years to go by after the fictitious issue was made before filing their bill, and delayed for a further period of five years in moving to amend their bill so as to add as parties defendant the real owners of the stock.

Argued June 2, 1902.   Appeal, No. 11, May. T., 1902, by plaintiff, from decree of C. P. Dauphin Co., Commonwealth Docket, 1897, No. 78, dismissing bill in equity in case of Commonwealth ex rel., Henry C. McCormick, Attorney General, v. Reading Traction Company, C. A. Pearson, C. Ford Stevens, John A. Rigg, John P. Illsley, Richmond L. Jones and Edward Clark, Sabin W. Colton, Jr., Edward W. Clark, Jr., Milton Colton and Edward Howard Clark, Jr., trading as E. W. Clark & Company.   Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Bill in equity to declare void a fictitious issue of capital stock of a corporation.   Before SIMONTON, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing bill.

*Cyrus G. Derr*, with him *John P. Elkin*, attorney general, and *Frederic W. Fleitz*, deputy attorney general, for appellant.

*Richard C. Dale*, with him *Richmond L. Jones*, for appellee.

PER CURIAM, November 11, 1902 :
The learned judge below found the facts in detail and stated

specifically his conclusion that the increase of the capital stock of the traction company was not made for money or property actually received, but was practically without consideration and fictitious.

The transaction he finds, " was in effect this: The defendants, E. W. Clark & Company, made an agreement with the president and certain of the directors and stockholders of the railway company that a corporation into which they, E. W. Clark & Company, would organize themselves, would lease the railway. They then organized the traction company themselves being the stockholders, and then pretended to sell this agreement to the company, of which they are practically the only stockholders, for 18,000 shares of its capital stock at the par value of $50.00 each, or $900,000. They had no interest whatever in this agreement separate and apart from the interest of the traction company in it, for one of its terms was that they would organize themselves into the traction company and that it would become the lessee of the railway company. There was, therefore, absolutely no consideration received by the traction company as a corporation for granting to E. W. Clark & Company, the 18,000 shares of its stock, and in the nature of the case there could not be, for E. W. Clark & Company were the traction company.

" If they had organized the company without making the agreement it could have made the lease without any payment to any one, and the $900,000 increase of stock, or so much as was needed, could have been used for labor done and money or property actually received and used to reconstruct and equip the passenger railway and convert it into an electric railway.

" There is no evidence in the case even tending to prove that E. W. Clark & Company ever expended a dollar to reconstruct and equip the road; what they did was to encumber the traction company's leasehold with a mortgage for $445,000 for equipment and reconstruction, and to sell and convert to their own use all the 18,000 shares of stock, which, as a corporation, they gave to themselves as individuals for the ' agreement to lease,' for which they had paid nothing.

" We have no hesitation in concluding that the traction company is not only within the prohibition of article 16,

section 7, of the constitution, which ordains that ' No corporation shall issue stocks or bonds except for money, labor done, or money or property actually received; and all fictitious increase of stock or indebtedness shall be void;' but also within the Act of 1887, P. L. 94, passed to enforce this provision of the constitution;" citing Cheetham v. McCormick, 178 Pa. 186.

This finding is not challenged in the present appeal. The act of 1887 was framed with care and passed for the purpose as declared in its title of enforcing the provisions of section 7 of article 16 of the constitution. In a proper case and between proper parties it would be enforced rigidly and the stock declared void. But in the present case the court below found that "all the shares of stock involved were sold by E. W. Clark & Company before the proceedings that led to the filing of this bill were begun, and therefore that the only persons who would be affected by such decision would be presumably innocent holders of the shares who are not before the court and have not been heard." For this reason he dismissed the bill.

This conclusion founded on the fundamental principles of justice, that however clear the case may appear to be, no man's rights shall be adversely adjudicated without a hearing, being unanswerable, the plaintiffs have moved in this court to remit the record to the court below for the purpose of having the holders of the stock made parties defendant and brought in to answer.

The stock was issued to defendants, Clark & Company, in March, 1893, and as found by the court below was all sold by them before the filing of this bill in May, 1897. Since then more than five years had elapsed before this motion to amend, and much of the stock has presumably passed into the hands of still more remote holders. It is not shown that the knowledge of the facts had only come to the plaintiffs recently, nor is the laches in both filing and amending the bill otherwise explained. To bring the shareholders in at this late day would be a hardship upon them which a court of equity is not constrained to commit.

Decree affirmed.