## Graff, Appellant, *v.* Williamsport Water Company et al.

Argued May 1, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Mortimer C. Rhone,* with him *John E. Cupp,* for appellant.

256 

*Frederic L. Ballard,* of *Ballard, Spahr, Andrews & Ingersoll,* with him *Allen Hunter White, John G. Candor, Seth T. McCormick, Jr., Mansfield Ferry* and *Ellis Ames Ballard,* for appellees.

PER CURIAM, June 30, 1933:

In 1927 the Williamsport Water Company by appropriate corporate action effected a revision of its capital structure. It may be said generally that the change was from an organization consisting solely of common stock to one authorized to issue both common and preferred stock and also corporate bonds. Each step in the alteration was taken pursuant to legal requirements and with full notice to all stockholders. Although these corporate changes were formulated by the Board of Directors of defendant company during the summer of 1927, and were approved by the stockholders on September 14, 1927, by a vote of 17,883 shares against 2 shares, —the present bill, seeking to declare the new capital structure invalid, was not brought by plaintiff (owner of the two dissentient shares) until October 17, 1929. The lower court dismissed the bill on the ground of plaintiff's laches and the case is now before us on appeal from that decree.

The alleged illegal corporate action, approved by the stockholders at the meeting of September 14, 1927, authorized, inter alia, the creation of an indebtedness by the company and further empowered the appropriate officers of the company to execute and deliver to a trustee a mortgage to secure bonds to be issued in such amounts, upon such terms, and at such times as the board of directors might determine. At the stockholders' meeting above referred to, by an almost unanimous vote, the capital stock was decreased from $2,000,000 through cancellation of 1,715 unissued shares, and the cancellation, pro rata among the stockholders of 80% of the outstanding shares, by payment in cash by the company of an amount in liquidation equal to $210 per share of

stock so cancelled, and the capital stock then fixed at $1,195,700 divided into preferred and common shares of no par value. Corresponding changes were made in the by-laws as to the rights of the capital stock. The issue of preferred stock was offered pro rata to existing stockholders at $100 per share with the proviso that any stock not subscribed for after September 20, 1927, would be sold for cash in the discretion of the board of directors. The shares of new no-par common stock were issued to the holders of the then outstanding 3,657 shares of former common stock in exchange at the rate of ten for one.

Appellant asserts these transactions constitute a fictitious increase of the water company's indebtedness in violation of section 7 of article XVI of the Constitution of Pennsylvania. Even if there was substance to this contention, which we do not here decide, it is clear that appellant cannot attack such matters at this late date: Com. ex rel. v. Reading Traction Co., 204 Pa. 151. Nothing but the gravest reasons of public policy would warrant our declaring invalid bonds and stock issued and sold under the circumstances here presented. The changes in the financial structure of the corporation were made in accordance with the applicable law, and, as appears by the record, the shares so issued were purchased as high grade investments by a large number of widely scattered individuals.

Appellant attempts to excuse his laches on the ground that, within a short time after the stockholders' meeting of September 14, 1927, he filed a complaint with the Public Service Commission of Pennsylvania. This complaint the commission rejected and held "there is nothing in the present capital structure of the company which tends to threaten its continued ability to give good service at reasonable rates": 18 Pa. Corp. Rep. 140. No appeal was taken from that decision. Appellant now seeks to upset matters which he could have attacked by proper legal action at the inception of this controversy. To-

gether with all other stockholders he was advised in due time of the proposed changes but contented himself by requesting from the proper officers of the company information (which was duly furnished) and by voting against the proposed action at the stockholders' meeting through his duly authorized proxy. Under these circumstances plaintiff is conclusively barred by laches and cannot now be heard to complain. See Watts's App., 78 Pa. 370; Kinter v. Commonwealth Trust Co., 274 Pa. 436; Dana v. American Tobacco Co., 72 N. J. Eq. 44, affirmed 73 N. J. Eq. 736.

The decree of the court below is affirmed at appellant's cost.