Peters et al., Appellants, *v.* Joseph Obert Company, Inc., et al.

570

Argued February 5, 1935. Before Frazer, C. J., Simpson, Schaffer, Maxey, Drew and Linn, JJ.

*Calvin F. Smith,* with him *J. C. Loose,* for appellants.

*Lawrence Rupp,* of *Butz & Rupp,* and *George E. Gray,* for appellee.

Per Curiam, March 25, 1935:

On June 25, 1907, John A., Charles W., William H. and Franklin J. Obert, and Emma C. Kennell, the four sons and daughter of Joseph Obert, incorporated the wholesale business which they acquired from their father's estate, for the purpose of buying and selling livestock, slaughtering, and packing meats and provisions. The business was capitalized at $15,000, the stock being divided equally (300 shares each) among the above named incorporators, all five of whom became directors of the corporation. Mrs. Kennell was represented on the board and actively in the business by her husband, Harry B. Kennell. The various activities necessary to the conduct of the business were divided among the directors, one attending to the finances and office work, another the buying and selling of cattle, another in charge of the packing plant, and so on.

At the time of incorporation, by-laws were adopted providing that the officers of the company should not be paid

salaries but each director should be paid $100 a month, and no director should draw more from the treasury than any other. The first of these stipulations was amended March 9, 1909, so that each director should be paid $150 a month. On three occasions from 1909 to 1920, the salaries of the directors were increased, until on May 3, 1920, by resolution voted at a special meeting of the board of directors at which all the members (who were also all the stockholders) were present, the stipend of each director was made $300 per month, and this amount was paid all five directors until the deaths of Charles W. Obert and John A. Obert, the first named occurring July 21, 1921, and the other November 4, 1921; thereafter this compensation was paid to those remaining of the original directorate, upon whom all the duties of actively managing the business, buying, selling, etc., then devolved, until, at a meeting of the directors held February 27, 1924, salaries of $500 a month were voted to the managing directors. At that time, Asa J. Obert, son of John A. Obert, and Joseph G. Obert (principal appellant here), son of Charles W. Obert, who in 1922 had been elected to the board as representatives of the estates of their respective fathers, receiving only nominal fees, for attending directors' meetings, voted against the increase of pay to $500, apparently on the ground that the compensation was not warranted by the earnings. It is stated that during 1926 and 1927 the matter was dropped, and that in March, 1929, appellant congratulated the managing directors upon their "services and efficient work." In January, 1931, compensation of the management was reduced to $400 a month. At a directors' meeting held April 25, 1931, Joseph Obert protested that the directors' salaries were and had been excessive. In March of the year 1931, the two blocks of stock represented by appellants and by Director Charles W. Obert accepted special dividends of $500 each, voted to them but not to the other stockholders. No further complaint was made or action taken relating to the compensation paid the active directors

until March, 1932, when Joseph G. Obert served notice on behalf of the estate of Charles W. Obert that the salaries of the three directors named were in excess of amounts to which they were entitled *under the by-laws,* and demanded recovery by the company of the difference accruing from February 1, 1926, to January 31, 1931, amounting to $23,900 each, and that salaries of only $150 should be paid after receipt of the notice. This notice was the first objection made that the salaries paid were contrary to the by-laws of the company. It was followed by plaintiffs' bill, which, in addition to the above demands, prayed that the company be ordered to pay to Joseph G. Obert, director, "the compensation or salary to which he is entitled for the period beginning February 1, 1926, and ending January 31, 1932." The bill included a similar demand on behalf of Asa J. Obert, the other minority director, who, however, does not join in the proceeding.

The record in this case clearly shows, as the court below held, that plaintiffs were guilty of inexcusable laches. Plaintiffs' bill seeks recovery only from 1926 (presumably with the intention of removing it from the scope of the statute of limitations), but that, however, does not alter the fact that the situation complained of has existed continuously since appellant Joseph G. Obert became a director in 1922. From then until 1932, when the present action was begun, appellant director slept on his rights, contenting himself with mere protests which concerned only the amount of salaries paid the active directors. He now seeks to compel a return to the company by three of its managing directors of $23,900 each, two-thirds of the total sums paid them from month to month during six years for services actually rendered in conducting the business of the corporation, outside the duties of directors, as such, and to secure for himself "the compensation or salary to which he is entitled" for an equal period, referring (as we learn from appellants' brief) to the $150 per month which the by-laws adopted in 1909 provided

should be paid each director, and which would amount, in six years, to $10,800 each. He has meantime accepted for the estate which he represents a "special" dividend of $500 not paid to the three active director-stockholders.

Thus we have in this appeal a situation where appellant, with knowledge and opportunity, not only failed over a long period of time to seek enforcement of his alleged rights, but to all intents and purposes acquiesced in the alleged wrongful conduct which gave rise to his bill; and where, as a result of the inexcusable delay, the relief prayed for would work inequity on defendants. Under such circumstances it was properly refused: McGrann v. Allen, 291 Pa. 574, 578; Harris et al. v. Susquehanna Col. Co., 304 Pa. 550, 554-6; Graff v. Williamsport Water Co. et al., 312 Pa. 255; Youse v. McCarthy, 51 Pa. Superior Ct. 306, 311-13; Cohen v. DeCicco, 90 Pa. Superior Ct. 56-7.

The decree is affirmed at cost of appellants.